UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID E. FIGUERAS,

      Petitioner,

v.                                                  Case No. 8:06-cv-2109-T-17TGW

STATE OF FLORIDA,

      Respondent.
_____

**ORDER**

This cause is before the Court upon Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 4) (hereinafter "Petition"). Petitioner challenges his conviction and sentence of nine life sentences for various felonies arising out of charges filed in the Tenth Judicial Circuit in Hardee County, Florida, in state circuit case number CV90-108. A review of the record demonstrates that, for the following reasons, the petition must be denied.

Procedural History

On April 24, 1990, the State Attorney filed an Information charging Petitioner with two counts of armed kidnaping, two counts of armed robbery, and five counts of attempted murder in the first degree. (Exhibit 1). On September 20, 1990, Petitioner appeared before the Honorable William A. Norris, Jr., Circuit Judge, for a change of plea hearing. (Exhibit 2). Petitioner was represented by Assistant Public Defender Larry G. Bryant. Petitioner entered a "straight up" nolo contendere plea to all charges. The court found the plea to be knowingly and voluntarily entered. The sentencing hearing was held on October 16, 1990. (Exhibit 3). The court sentenced Petitioner to life imprisonment on each count, with a three

year minimum mandatory term. The sentence was fashioned so that counts one and two were concurrent with each other; counts three and four were concurrent with each other but consecutive to counts one and two; counts five and six were concurrent with each other but consecutive to counts one, two, three, and four; counts seven, eight, and nine were concurrent with each other but consecutive with counts one through six. (Exhibit 4).

Petitioner pursued a direct appeal of his sentence. Cecilia A. Traina, the Assistant Public Defender who represented Petitioner on appeal, filed an initial brief raising one issue: "Whether the trial court erred in sentencing Appellant?" (Exhibit 5). The State filed its answer brief. (Exhibit 6). On October 18, 1991, in Case No. 2D90-3154, the Second District Court of Appeal filed an unwritten per curiam opinion affirming Petitioner's sentence. (Exhibit 7). On November 22, 1991, the appellate court, on its own motion, withdrew its earlier opinion and substituted a revised opinion holding that the four consecutive life sentences constituted a departure from the sentencing guidelines. (Exhibit 8). *Figueras v. State*, 590 So. 2d 470 (Fla. 2d DCA 1991). The appellate court remanded the case for the trial court to provide written reasons for the departure sentence.

On Remand, according to the clerk's docket, on April 4, 1992, the court amended Petitioner's sentence so that the life sentences in all nine counts were to run concurrently with each other. Petitioner did not appeal. (Exhibit 9).  On January 11, 1993, Petitioner's sentence was amended to provide correct credit for time served only. (Exhibit 10).

On January 21, 1997, Petitioner filed a motion to clarify sentence, asking the trial court to clarify his sentences because the Department of Corrections was allegedly treating his life sentences as running consecutively, rather than concurrently. (Exhibit 11). On March 18, 1997, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850

of the Florida Rules of Criminal Procedure. (Exhibit 12). The motion raised three grounds: (1) the trial court erred in failing to establish a factual basis to support the charge of attempted first degree murder; (2) the trial court erred in accepting Petitioner's involuntary plea, where the factual basis was insufficient to establish the commission of attempted first degree murder; (3) Petitioner's conviction of attempted murder was fundamental error. On April 21, 1997, the trial court issued a written order denying the motion for postconviction relief and motion to clarify sentence. (Exhibit 13). As to the motion for postconviction relief filed pursuant to Fla. R. Crim. P. 3.850, the court found the motion to be both defective, for lack of the required oath, and untimely filed beyond the Rule's two-year time limit. As to the motion to clarify sentence, the court stated Petitioner should seek relief directly from the Department of Corrections.

Petitioner appealed the order denying the motion for postconviction relief. (Exhibit 14). On July 30, 1997, in Case No. 2D97-02551, the Second District Court of Appeal filed a per curiam unwritten opinion affirming the trial court's order denying the untimely motion for postconviction relief. (Exhibit 15). *Figueras v. State*, 698 So. 2d 546 (Fla. 2d DCA 1997)[table]. The mandate in that case was issued on August 19, 1997. (Exhibit 16).

On May 26, 1998, Petitioner filed a "petition for order granting evidentiary hearing" pursuant to Fla. R. Crim. P. 3.850. (Exhibit 17). On August 12, 1998, the trial court issued an order treating the petition as a Rule 3.850 motion for postconviction relief. (Exhibit 18). The court denied the motion as untimely. Petitioner filed a motion for rehearing (Exhibit 19), which the trial court denied on September 3, 1998. (Exhibit 20). Petitioner appealed the adverse rulings. (Exhibit 21). On January 6, 1999, in Case No. 2D98-3862, the appellate court filed a per curiam unwritten opinion affirming the denial of relief. (Exhibit 22). *Figueras*

*v. State*, 728 So. 2d 216 (Fla. 2d DCA 1999)[table]. The mandate was issued on January 26, 1999. (Exhibit 23).

On February 10, 1999, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 24). The trial court denied the motion on November 24, 1999. (Exhibit 25). Petitioner appealed. He filed a pro se initial brief on or about December 28, 1999. On April 21, 2000, in Case No. 2D99-4868, the appellate court filed a per curiam opinion affirming the trial court's ruling. (Exhibit 26). *Figueras v. State*, 2000 Fla. App. LEXIS 4736 (Fla. 2d DCA 2000)[table]. The court's mandate was issued on June 5, 2000. (Exhibit 27).

Petitioner sought discretionary review in the Florida Supreme Court and filed a jurisdictional brief on June 1, 2000. (Exhibit 28). On June 7, 2000, in Case No. SC00-1197, the Florida Supreme Court dismissed the petition for discretionary review for lack of jurisdiction. (Exhibit 29). *Figueras v. State*, 767 So. 2d 456 (Fla. 2000)[table].

On May 28, 2002, Petitioner filed a successive Rule 3.850 motion for postconviction relief. (Exhibit 30). In this motion Petitioner raised for the first time in the state courts the claim that trial counsel was ineffective for misleading Petitioner by promising parole after ten years in order to entice Petitioner to accept a plea agreement to nine life sentences. The trial court dismissed the motion as untimely on July 21, 2003. (Exhibit 31).

On June 15, 2004, Petitioner filed a "motion for judgment on the pleadings," which sought a ruling on a motion for rehearing which Petitioner allegedly filed in the trial court following the July 21, 2003, order denying postconviction relief. (Exhibit 32). On February 4, 2005, the trial court issued an order to show cause directing the State to respond to the claim raised in the Rule 3.850 motion. (Exhibit 33). The State filed its response on March

18, 2005, arguing that the dismissal of the motion for untimeliness was correct. (Exhibit 34).

On May 16, 2005, the trial court issued an order denying Petitioner's motion for rehearing.

(Exhibit 35). The court determined the Rule 3.850 was untimely, stating as follows:

> Defendant seeks rehearing of a dismissal of a previously filed Motion for Post-conviction Relief ("initial motion"), submitted pursuant to Rule 3.850, Fla. R. Crim. P. In his initial motion, Defendant claimed that his trial counsel rendered ineffective assistance when such counsel affirmatively misadvised Defendant regarding the availability of parole for Defendant's sentence. Defendant asserted that he relied upon his counsel's misadvice when he pled nolo contendere to his charges in the above styled case. Defendant, through his initial motion, sought to withdraw his plea. The Court dismissed Defendant's initial motion because it was filed over two years after Defendant's judgment and sentence became final, and as such was untimely under Rule 3.850, Fla. R. Crim. P.
>
> Defendant, in his instant Motion for Rehearing ("instant motion"), seeks a rehearing of the initial motion's dismissal. In his instant motion, Defendant asserts that he was entitled to rehearing of his initial motion because such contained newly discovered evidence. *See Jones v. State,* 591 So. 2d 911 (Fla. 1992). In this regard, Defendant refers to his discovery of statutory law which he claims contradicts previous statements by his counsel that his sentence would be eligible for parole. Defendant claims that he had relied upon this assertion in deciding to plea nolo contendere. The statutory law to which Defendant refers was in existence at the time of his plea, and was available to both him and his counsel. The Court finds that this previously existing law is not newly discovered evidence, and could have been found through an exercise of due diligence prior to the expiration of the two year period for filing a claim under Rule 3.850, Fla. R. Crim. P. *See Patterson v. State*, 760 So. 2d 161 (Fla. 2d DCA 2000); *Downs v. State*, 740 So. 2d 506, 513 (Fla. 1999). Further, even if the previously existing law were to be found to constitute newly discovered evidence, such would still not merit a new trial because the sentencing-related content of the "newly discovered" law would have been unlikely to have resulted in an acquittal at trial. *Cf. Regan v. State*, 787 So. 2d 265 (Fla. 1st DCA 2001)(Holding that a new law governing sentencing "does not have a tendency to prove or disprove guilt or innocence. It merely affects sentencing, once guilt has been established."). Although it is unusual for a court to apply the "newly discovered evidence" standard in regard to a case where there has been no trial, *see Bradford v. State*, 869 So. 2d 28 (Fla. 2d DCA 2004), the Court finds that application of that standard leads to the conclusion that Defendant's Motion for Rehearing merits denial.
>
> A defendant motioning for withdrawal of a plea after judgment and

>sentence have taken effect must show that continued recognition of the plea results in manifest injustice. *See Bradford v. State*, 869 So. 2d 28 (Fla. 2d DCA 2004); *Miller v. State*, 814 So. 2d 1131 (Fla. 5th DCA 2002); *Scott v. State*, 629 So. 2d 888 (Fla. 4th DCA 1993). A review of the Defendant's initial motion shows that it is insufficient, as it fails to assert a claim that the plea has resulted in manifest injustice. *See Bradford v. State*, 869 So. 2d 28, at 29 (Fla. 2d DCA 2004). However, even if Defendant's claim were facially sufficient, such would still merit dismissal, as it was untimely filed. A review of case-law appears to show that the two year time limit ordinarily applicable to claims filed under Rule 3.850, Fla. R. Crim. P., is also applicable to such claims seeking a withdrawal of a plea. *Cf. Peart v. State*, 756 So. 2d 42, 46 (Fla. 2000) (Holding that the two year time limit of Rule 3.850 applies to a claim seeking withdrawal of plea on basis of error in the plea colloquy). Defendant's claim is found not to constitute "newly discovered evidence," see above, nor does it represent the assertion of a fundamental constitutional right not established during the time limit ordinarily permissible for asserting such a claim, *see Regan v. State*, 787 So. 2d 265 (Fla. 1st DCA 2001). As Defendant's initial claim was filed after the expiration of the two year period for filing claims under Rule 3.850, Fla. R. Crim. P., and as Defendant's claim therein does not fall under any exception to the two year time limit, the Court's dismissal of Defendant's initial motion was appropriate.
>
>The Court finds that under either the "newly discovered evidence" standard of *Jones v. State*, 591 So. 2d 911 (Fla. 1992), or the "manifest injustice" standard cited in *Bradford v. State*, 869 So. 2d 28 (Fla. 2d DCA 2004), Defendant's Motion for Rehearing merits denial.

(Order Denying Motion for Rehearing at pp. 1-2.)

Petitioner appealed the order denying the motion for postconviction relief. (Exhibit 36). No briefs were filed by either party. (Exhibit 37). On January 20, 2006, in Case No. 2D05-4006, the appellate court filed a per curiam affirmance. (Exhibit 38). *Figueras v. State*, 923 So. 2d 500 (Fla. 2d DCA 2006)[table]. Petitioner filed a motion for rehearing (Exhibit 39) which the appellate court denied on March 3, 2006. (Exhibit 40). The mandate was issued on March 21, 2006. (Exhibit 41).

On May 24, 2006, Petitioner filed a petition for discretionary review in the Florida Supreme Court, in Case No. SC06-1034. (Exhibit 42). The petition for review was

dismissed for lack of jurisdiction on June 1, 2006. (Exhibit 43). *Figueras v. State*, 933 So. 2d 520 (Fla. 2006)[table].

## THE PRESENT PETITION

Petitioner signed the original § 2254 petition on November 22, 2006. He filed an amended petition on December 4, 2006. The amended petition contains one ground for relief: Trial counsel was ineffective when counsel mislead Petitioner by promising parole after ten years in order to get Petitioner to accept a plea agreement to nine natural life sentences. The petition is time-barred pursuant to 28 U.S.C. § 2244(d), and the claim is procedurally barred.

## THE PETITION IS UNTIMELY

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Petitioner's judgment became final, at the latest, on May 4, 1992, (allowing thirty days to appeal after Petitioner's sentence was amended on April 4, 1992).  May 4, 1992 was approximately four years prior to enactment of the AEDPA on April 24, 1996. When a petitioner's conviction becomes final prior to the AEDPA's effective date of April 24, 1996, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period in which to file his federal claims. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Accordingly, petitioners like Figueras, whose convictions became final prior to April 24, 1996, have until April 23, 1997, to file a petition for writ of habeas corpus absent properly filed collateral applications

in the state court which toll the statutory period, unless the Petitioner has a pending collateral attack motion/petition pending on April 23, 1997, in which case, the AEDPA one-year period begins to run at the time that motion/petition is decided.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsequent to enactment of the AEDPA, Petitioner filed his first collateral challenge, a motion to clarify sentence, on **January 21, 1997** and was not denied until **August 19, 1997**, when the mandate issued. Therefore, Petitioner's one-year period began to run on **August 20, 1997,** and he had until **August 20, 1998**, to file a timely federal petition.

Petitioner filed his next collateral pleading, a "petition for order granting evidentiary hearing," on **May 26, 1998**, **after 278 days of the one-year period had** expired. On August 12, 1998, the state trial court issued an order treating the petition as a Rule 3.850 motion for postconviction relief. (Exhibit 18). The state trial court denied the motion as untimely. Therefore, the construed Rule 3.850 petition did not toll the AEDPA one-year limitations period. *See Drew v. Department of Corrections*, 297 F.3d 1278, 1285 (11th Cir. 2002); *Sweet v. Secretary, Department of* Corrections, 467 F.3d 1311, 1315 (11th Cir. 2006) ("when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not properly filed for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims."); Allen *v. Secretary, Department of Corrections*, 2007 WL 4482602 (M.D. Fla. Dec. 19, 2007).

Moreover, **there is an additional time period of approximately two years** during which there were no pending collateral challenges in the state courts, from **June 5, 2000**, when the mandate issued in the appeal from the denial of the Rule 3.800 motion to correct illegal sentence until Petitioner filed his motion for postconviction relief on **May 28, 2002**. These calculations assume, arguendo, that the collateral applications filed by Petitioner in the state courts were "properly filed" so as to toll the time period. Such is not the case, however. The petitions for discretionary review in the Florida Supreme were not properly filed because the court was without jurisdiction to consider them. In addition, the motions for postconviction relief filed on March 18, 1997, May 26, 1998, and May 28, 2002, were not properly filed and therefore did not toll the federal limitations period because the motions were held to be untimely under the two-year time limit of Rule 3.850. The time-bar rulings were all upheld by the state appellate court. Only a "properly filed" application for state post-conviction relief tolls the limitations period under § 2244(d)(2). As the Supreme Court recently confirmed, a petition that is rejected by a state court as untimely is not "properly filed" within the meaning of the section, and accordingly does not toll the one-year statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (alteration in original).

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). However,

in this case, Petitioner has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

Procedural Default

Petitioner's sole claim is that trial counsel was ineffective for misleading Petitioner by promising parole after ten years were served on his sentence in order to entice Petitioner to accept a plea agreement to nine natural life sentences. Even if the federal petition was timely, however, Petitioner would not be entitled to relief because the claim asserted is procedurally barred. Petitioner raised his claim for the first time in a motion for postconviction relief that was dismissed by the state court as untimely pursuant to Fla. R. Crim. P. 3.850's two-year rule. Therefore, this claim is procedurally defaulted. See *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990). Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 496, (1986). In this case, Petitioner has not established cause or prejudice or a fundamental miscarriage of justice. Thus, the claim must be dismissed as procedurally defaulted.

**Accordingly, the Court orders:**

That Petitioner's petition is dismissed. The Clerk is directed to enter judgment against Petitioner and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 22, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
David E. Figueras